IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WINFRED P. CICERO, JR.,**

                        Plaintiff,

                                              CIVIL ACTION
     vs.                                              No. 04-3273-SAC

**ASSOCIATE WARDEN MITCHELL, et al.,**

                        Defendants.


<u>ORDER</u>

    Plaintiff proceeds pro se and in forma pauperis on a complaint filed under the Federal Tort Claims Act (FTCA). Plaintiff filed his complaint in the United States District Court for the Western District of Missouri while confined in the United States Penitentiary in Leavenworth, Kansas (USPLVN). The case was then transferred to the District of Kansas.

    The court granted plaintiff leave to proceed in forma pauperis and directed plaintiff to show cause why the complaint, seeking only damages for mental anguish, should not be dismissed based on plaintiff's failure to exhaust administrative remedies, and directed plaintiff to amend the complaint if relief was being sought under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Additionally, the court directed plaintiff to show cause why the action should not be dismissed because plaintiff's claim for damages for mental anguish was barred by 28

U.S.C. § 1346(b)(2)[1] and 42 U.S.C. § 1997e(e),[2] statutes barring a prisoner's suit for mental or emotional injury absent a prior showing of physical injury.

In response, plaintiff documents the administrative denial of his FTCA claim on May 24, 2004, but fails to address why the FTCA complaint should not be dismissed pursuant to 28 U.S.C. § 1346(b)(2). Plaintiff also filed an amended complaint to assert a claim for damages under <u>Bivens</u>.[3] In the amended pleading, plaintiff seeks relief on allegations that after his arrival at USPLVN in May 2003 he was unlawfully retained in segregation solely because he was a Muslim.

Having reviewed plaintiff's amended complaint, the court finds this action should be dismissed.

Plaintiff broadly states that as a result of defendants' alleged discrimination he has exhausted all remedies. The court does not agree.

To seek relief in federal court for the alleged violation of his constitutional rights, plaintiff must first demonstrate his full

---

[1]*See* 28 U.S.C. § 1346(b)(2)("No person convicted of a felony who is incarcerated while awaiting sentencing or while serving a sentence may bring a civil action against the United States or an agency, officer, or employee of the Government, for mental or emotional injury suffered while in custody without a prior showing of physical injury.")

[2]*See* 42 U.S.C. § 1997e(e)("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury").

[3]The court grants plaintiff's motion to amend (Doc. 10) and motion for an extension of time (Doc. 11) to file an amended complaint.

exhaustion of administrative remedies. 42 U.S.C. § 1997e(a). *See* Porter v. Nussle, 534 U.S. 516, 524 (2002)("exhaustion in cases covered by § 1997e(a) is now mandatory"). Prisoners are required to exhaust available administrative remedies prior to filing an action in federal court even where such remedies appear futile at providing the kind of remedy sought. Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002). "[T]he substantive meaning of § 1997e(a) is clear: resort to a prison grievance process must precede resort to a court." Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1207 (10th Cir. 2003)(*quotation marks and citation omitted*), *cert. denied* 543 U.S. 925 (2004). Plaintiff essentially acknowledges his failure to pursue and exhaust administrative remedies on any claim of racial discrimination, and his bare allegation of defendants' discrimination neither satisfies nor excuses this statutory exhaustion requirement. *See* Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001)("futility or other exceptions" are not to be read into the exhaustion requirement imposed by § 1997e(a)).

Even if plaintiff's amended complaint is liberally construed as incorporating the FTCA claim asserted in his original complaint, the court finds this action should still be dismissed because the amended complaint contains a mixture of exhausted and unexhausted claims.[4] *See* Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir. 2004)(§ 1997e(a) requires "total exhaustion;" prisoner complaint containing a mixture of exhausted and unexhausted claims is to be dismissed).

---

[4]Additionally, the relief plaintiff seeks on his FTCA claim is barred by 28 U.S.C. § 1346(b)(2).

IT IS THEREFORE ORDERED that plaintiff's motion to amend (Doc. 10) and motion for an extension of time (Doc. 11) are granted.

IT IS FURTHER ORDERED that the amended complaint is dismissed without prejudice, pursuant to 42 U.S.C. § 1997e(a).

**IT IS SO ORDERED.**

DATED:  This 7th day of March 2006 at Topeka, Kansas.

           s/ Sam A. Crow
          SAM A. CROW
          U.S. Senior District Judge