IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


WINFRED P. CICERO,

                    Plaintiff,

        v.                              CASE NO.04-3273-SAC

ASSOCIATE WARDEN MITCHELL, et al.,

                    Defendants.



MEMORANDUM AND ORDER

     Plaintiff proceeds pro se on an amended complaint filed under
initiated this action under Bivens v. Six Unknown Named Agents of
Federal Bureau of Narcotics, 403 U.S. 388 (1971), seeking damages
for his alleged unlawful placement and confinement in
administrative segregation at the United States Penitentiary in
Leavenworth, Kansas (USPLVN), based upon his status as a Muslim.

     Pending before the court is a motion to dismiss or for
summary judgment filed by defendant Ashman, the only defendant who
has been properly served in this matter.  Defendant Ashman filed
her motion on December 11, 2007.  By orders entered in January,
March, and May 2008, the court granted plaintiff's requests for
additional time to file a response, and set June 16, 2008, as the
final date to do so.  Plaintiff thereafter sought yet another
extension of time.  The court denied that motion on August 8,

2008, and notified plaintiff that defendant Ashman's motion would be considered and decided as an uncontested motion if no response to the motion was filed by August 22, 2008.

Now before the court is plaintiff's motion for appointment of counsel in which plaintiff contends he is unable to prepare and file a responsive pleading under the conditions of his present confinement.

*Motion for Appointment of Counsel*

Plaintiff has no right to the assistance of counsel in this civil action, Durre v. Dempsey, 869 F.2d 543, 647 (10th Cir. 1989). Rather, the decision whether to appoint counsel in a civil matter lies in the discretion of the district court. Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991). Having considered the record, the court finds plaintiff is able to prepare and file pleadings and to state his claims, and finds the facts and legal issues associated with plaintiff's claims are not unusually complicated. *See* Long v. Shillinger, 927 F.2d 525, 526-27 (10th Cir. 1991)(factors to be considered in deciding motion for appointment of counsel). Although plaintiff's incarceration makes it understandably difficult to conduct legal research and prepare pleadings, the court notes plaintiff's ability to do so thus far, and finds plaintiff has not identified compelling circumstances warranting appointment of counsel or further delay in the resolution of defendant Ashman's motion. Plaintiff's motion for

appointment of counsel is denied.

*Defendant Ashman's Motion to Dismiss or for Summary Judgment*

Defendant Ashman seeks dismissal of the complaint, or in the alternative summary judgment.  The motion includes a statement of uncontroverted material facts and attached affidavits, and thus will be treated as one for summary judgment.

Because plaintiff filed no response, the motion will be considered and decided as an uncontested motion.[1]  Fed.R.Civ.P. 56(e); D.Kan.R. 7.4. "[A]lthough a district court may consider a motion for summary judgment uncontested for lack of a timely response, it cannot grant summary judgment unless the moving party has met its initial burden of production under Rule 56 and demonstrated that no genuine issue of material fact exists and that [the moving party] is entitled to judgment as a matter of law." Issa v. Comp USA, 354 F.3d 1174, 1177 (10th Cir. 2003)(citation omitted). *See also* Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002)(purpose of D.Kan.R. 7.4 is to facilitate trial court's disposition of motions).

The court is mindful that plaintiff's pro se pleadings are to

_____

[1]This case does not involve any filing of an untimely response, which might be excused upon a finding of excusable neglect. *See* D.Kan.R. 7.4 (the failure to file a timely response constitutes waiver of the right to thereafter file such a response except upon showing of excusable neglect).  Nor would the circumstances presented in this case lead the court to a finding of excusable neglect in plaintiff's failure to file a response to defendant Ashman's motion.

be liberally construed.  <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, this does not authorize the court to "construct arguments or theories for the plaintiff in the absence of any discussion of those issues."  <u>Drake v. City of Fort Collins</u>, 927 F.2d 1156, 1159 (10th Cir. 1991).  Nor is a pro se plaintiff excused from compliance with the fundamental rules of procedure, including local court rules.  <u>Ogden v. San Juan County</u>, 32 F.3d 452, 455 (10th Cir. 1994), *cert. denied*, 513 U.S. 1090 (1995); <u>Green v. Dorrell</u>, 969 F.2d 915 (10th Cir. 1992), *cert. denied*, 507 U.S. 940 (1993).

Summary judgment is appropriate in this case if the pleadings and affidavits in the record show there is no genuine issue as to any material fact, and show defendant Ashman is entitled to a judgment as a matter of law.  *See* <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 247 (1986).  This burden may be met by showing there is no evidence to support plaintiff's claims against this defendant.  *See* <u>Thomas v. Bruce</u>, 428 F.Supp.2d 1161, 1163 (D.Kan. 2006).  Because defendant Ashman's motion is unopposed, summary judgment is appropriate if defendant Ashman has made a prima facie case showing a sufficient basis for judgment as a matter of law.  *See* <u>id</u>.

In this action, plaintiff seeks damages on allegations that he was unlawfully placed in administrative detention at USPLVN between May 30, 2003, and July 17, 2003, solely because he stated

4

his religious affiliation as Sunni Muslim.  Plaintiff contends his six week confinement in the Special Housing Unit without notice of any charge against him constituted impermissible retaliation, and violated his rights to equal protection and procedural due process.

The following facts are not contested.  *See* D.Kan.R. 56.1(a)(material facts not specifically controverted by the nonmoving party are deemed admitted).  Plaintiff and other inmates arrived at USPLVN on May 30, 2003, and were placed in administrative segregation pending review of their placement into general population.  To assess possible security concerns, defendant Ashman questioned plaintiff about circumstances including his religious affiliation because a Muslim inmate had recently assaulted a USPLVN staff member.  USPLVN executive staff determined that the potential for retaliation against Muslim inmates, and for further violence by Muslim inmates, established safety concerns at that time for placing Muslim inmates into general population.  As a result, plaintiff remained in administrative segregation until July 17, 2003, when USPLVN staff determined it was safe to release him into the general population. Defendant Ashman was employed as a Case Management Coordinator at USPLVN at the time, and had no authority to place any inmate in the Special Housing Unit, or to continue any inmate's administrative confinement.

On these facts, the court finds defendant Ashman is entitled to judgment as a matter of law.

To the extent defendant Ashman is being sued in her official capacity, she correctly points out that plaintiff's claims are barred by sovereign immunity. *See* West v. Atkins, 487 U.S. 42, 50 (1988); Pleasant v. Lovell, 876 F.2d 787, 793-94 (10th Cir. 1989). *See also* Farmer v. Perrill, 288 F.3d 1254, 1256 & n. 1 (10th Cir. 2002)(Bivens provides an action for money damages against federal officials acting in their *individual* capacities who violate a person's constitutional rights).

To the extent defendant Ashman is being sued in her individual capacity, she contends plaintiff has not sufficiently identified any personal participation by her in any alleged violation of plaintiff's constitutional rights. *See* Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1214 (10th Cir. 2003) ("[D]irect, personal participation [is] required to establish Bivens liability."), *abrogated on other grounds by* Jones v. Brock, 549 U.S. 199 (2007). She also contends plaintiff has not alleged or identified any physical injury to support his claim for damages for emotional distress. *See* 42 U.S.C. § 1997e(e)("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."). The court finds these contentions are fully

supported by the uncontroverted facts and by established legal precedent.

Moreover, plaintiff acknowledges he was placed in administrative detention for his own safety, based upon security concerns as perceived by USPLVN officials. Although plaintiff did not share that security assessment,[2] he nonetheless cannot satisfy the requisite showing for a viable retaliation claim, namely that "but for" his exercise of his First Amendment rights to religion he would not have been placed in administrative detention. *See* Peterson v. Shanks, 149 F.3d 1140, 1144 (10th Cir. 1998). Nor can he demonstrate his dissimilar treatment from other incoming prisoners was motivated by a discriminatory purpose rather than the stated purpose of administratively holding him to assess a prison security risk. *See* Templeman v. Gunter, 16 F.3d 367 (10th Cir. 1994). Plaintiff had no right to classification into the general population, *see* Hewitt v. Helms, 459 U.S. 460, 468 (1983),

_____

[2]In his informal request for administrative remedies, plaintiff argued that he was not at USPLVN at the time of the assault and knew nothing about it, that other incoming prisoners were released to general population, and that the initial review of his placement ended as soon as plaintiff said he was a Muslim.

In his amended complaint, plaintiff acknowledged the USPLVN warden locked down the facility and ordered all Muslim prisoners to be taken into custody, but argued his placement in administrative confinement was discriminatory because he was a new arrival who knew nothing about the incident and USPLVN staff had no basis for assuming plaintiff would associate with other Muslim prisoners in the facility. Plaintiff further argued that if there was a valid security concern all of the newly arriving prisoners who were not Muslim should have been locked down as well.

and presented no evidence that his six week administrative detention subjected him to atypical or significant hardship for the purpose of establishing any liberty interest protected by the Due Process Clause. *See* <u>Sandin v. Conner</u>, 515 U.S. 472 (1995).

The court thus finds defendant Ashman has more than satisfied her burden of establishing a prima facie case that demonstrates a sufficient basis for judgment as a matter of law, and grants defendant Ashman's motion for summary judgment.

*Dismissal of the Remaining Defendants Named in the Complaint*

The court further finds all claims against the two remaining defendants in this matter should be dismissed without prejudice. No service of summons on either defendant was successful, and plaintiff never sought leave to amend the complaint to correct either defendant's name as suggested in the record, or further court assistance with service of process. Additionally, to any extent plaintiff might have intended to name USPLVN Warden N.L. Conner as a defendant, plaintiff filed no motion to substitute a proper party following the August 8, 2005 filing of a Suggestion of Death Upon the Record of Warden Conner's death. *See* Fed.R.Civ.P. 25(a)(1).

IT IS THEREFORE ORDERED that plaintiff's motion for appointment of counsel (Doc. 76) is denied.

IT IS FURTHER ORDERED that defendant Ashman's motion for summary judgment (Doc. 54) is granted, that any and all claims

against the remaining defendants are dismissed without prejudice, and that this matter is now closed.

**IT IS SO ORDERED.**

DATED:  This 15th day of September 2008 at Topeka, Kansas.


  s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge